[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 05-16360

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00117-CV-F-N

THOMAS JOHNSON,

Plaintiff-Appellee,

versus

SAMUEL OLGILVIE, individually and as an
explorer for the City of Clanton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(October 18, 2006)**

Before ANDERSON and DUBINA, Circuit Judges, and VINSON,* District Judge.

PER CURIAM:

_____
*Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida,
sitting by designation.

After careful consideration, and for the reasons noted herein and discussed at oral argument, we conclude that the judgment of the district court with respect to appellant Olgilvie is due to be affirmed. With respect to appellant's challenge to his status as a state actor, and based on the facts assumed by the district court, we conclude that Williams v. United States, 341 U.S. 97, 71 S.Ct. 576 (1951), clearly establishes that appellant here was a state actor. With respect to the excessive force claim, we accept the facts assumed by the district court, namely, that appellant actively participated in the arrest of plaintiff, and personally participated in the beating after the plaintiff was already down, not resisting, and handcuffed; during the beating, plaintiff's head was slammed into the paved parking lot. Under the assumed facts, the district court did not err in denying qualified immunity with respect to plaintiff's excessive force claim. Lee v. Ferraro, 284 F.3d 1188 (11th Cir. 2002); Slicker v. Jackson, 215 F.3d 1225 (11th Cir. 2000); and Thornton v. City of Macon, 132 F.3d 1395 (11thCir. 1998). Also, on the facts assumed by the district court and accepted by us, it is clear that there was no arguable probable cause for the arrest. Finally, we agree with the district court's denial of Olgilvie's claim for immunity from the Alabama law claims under the Voluntary Service Act.

**AFFIRMED.**